IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAUREN F. LAVELLE, | CASE NO. 1:11 CV 600 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OPINION |
| | AND ORDER |
| MARY MARGARET POSTEL nka LAVELLE, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Dismiss and to Remand to the Cuyahoga County Common Pleas Court, Division of Domestic Relations. (ECF #8) For the reasons that follow, Plaintiff's motion is denied.

**DISCUSSION**

Plaintiff Lauren Lavelle is the ex-wife of decedent Denis Lavelle.  They were divorced in September 2003 by order of the Domestic Relations Division of the Court of Common Pleas for Cuyahoga County, Ohio.  During their marriage, the Lavelles had twin boys, who were born on November 7, 1995. As part of the divorce decree each spouse was to "maintain and pay the premiums for life insurance upon his or her life currently in effect and both parties shall designate the children as irrevocable beneficiaries thereon."   Denis Lavelle married Defendant Mary Margaret Postel on July 4, 2008. Mr. Lavelle died on October 7, 2009.  Mr. Lavelle was employed by Westfield Bank through which he held two life insurance policies, a basic policy provided by Westfield Bank and a supplemental life insurance policy which he purchased

through Westfield Bank. ("the Westfield policies") Defendant was named as the beneficiary on the Westfield policies and the proceeds were paid to her in November 2009 pursuant to Mr. Lavelle's 2008 beneficiary designation.

Upon learning that decedent and Defendant had changed the beneficiaries on the Westfield policies in violation of the Domestic Relations Court's Order, Plaintiff re-instituted an action in the Domestic Relations Court wherein she filed a motion seeking to add Defendant as a new party defendant, obtain a temporary restraining order, an order to show cause and attorneys fees. On March 8, 2011, Plaintiff received an *ex parte* temporary restraining order from the Domestic Relations Court which precludes her from accessing the proceeds from the Westfield policies. Defendant removed the action to this Court on March 23, 2011, asserting that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331(a). Defendant contends that Plaintiff's claim to the insurance proceeds is preempted by, and governed exclusively by, the federal Employee Retirement Income Security Act (ERISA), which applies to employer sponsored life insurance policies.

Plaintiff asserts that ERISA does not apply as she has not sued the employer or the insurance company and is seeking relief against Defendant in state court for unjust enrichment, conversion of funds and for any other equitable remedy available, including the imposition of a constructive trust. Despite Plaintiff's efforts to make this a state law case, at base she is contesting who is entitled to the proceeds of her ex-husband's employer sponsored life insurance policies. Those policies are subject to ERISA. Because the assets in dispute are ERISA-covered assets, the plaintiff's claims regarding those assets are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and therefore removable. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58

(1987); *Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995) (en banc); *see Czarski v. Bonk*, 124 F.3d 197 (Table), 1997 WL 535773 at *2 (6th Cir. Aug. 28, 1997).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand (ECF 8) is denied. The parties may undertake discovery to be complete by June 20, 2011. A status conference is set on June 20, 2011 at 9:00 a.m.

IT IS SO ORDERED.

                                                                                      */s/Donald C. Nugent*
                                                                                      DONALD C. NUGENT
                                                                                      UNITED STATES DISTRICT JUDGE

DATED: May 13, 2011