IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAUREN F. LAVELLE, ) | CASE NO.  1:11 CV 600 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| ) | <u>MEMORANDUM OPINION</u> |
| MARY MARGARET LAVELLE, ) | <u>AND ORDER</u> |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant, Mary Margaret Lavelle's Emergency Motion to Dissolve Judgment Entry of Temporary Restraining Order, and her Motion for More Definite Statement. (ECF #4, 16).  Both motions are opposed by Plaintiff, Lauren Lavelle. (ECF # 6, 17).  Defendant filed a Reply is support of each of her motions.  (ECF # 11,18).  Having carefully considered the legal and factual issues set forth by the parties, and having given due consideration to the issues raised by the procedural history of this case, the Court rules as follows.

**PROCEDURAL AND FACTUAL HISTORY**[1]

Plaintiff Lauren Lavelle ("Lauren") was married to Denis Lavelle on April 27, 1991. They had two children, twin boys, born in 1995, and, were divorced in September of 2003. The divorce case was filed on August 19, 2002. As part of the divorce proceedings, the Domestic Relations Division of the Cuyahoga County Court of Common Pleas issued a divorce decree, incorporating a Parenting Agreement and a Separation Agreement, in which Denis Lavelle agreed among other things to: "[m]aintain and pay the premiums for life insurance upon his ... life currently in effect and [to]designate the children as irrevocable beneficiaries thereon" and "be responsible for maintaining any and all existing policies of insurance on the lives of the parties... and designat[ing] the minor children as irrevocable beneficiaries until the children reach emancipation." (ECF # 8, pg. 2).

In 2008, Denis Lavelle married Mary Margaret Postel. He passed away on October 7, 2009. Prior to his death, Mr. Lavelle allegedly changed the beneficiary on two employer sponsored life insurance policies, contained in the Westfield Group Plan,[2] naming his new wife

---

[1] The facts have been taken from the parties briefing and admissions made during the removal process and through Plaintiff's Motion to Dismiss/Motion to Remand to Cuyahoga County Common Pleas Court, Division of Domestic Relations. (ECF #1, 8). Except where otherwise noted, these facts appear to be undisputed. The Court has also taken notice of the docket and Orders issued in the underlying state case *(Lavelle v. Lavelle*, Case No. D 288134), and the documents submitted by the parties in connection with Plaintiff's Motion to Add New Party Defendant/Motion for Temporary Restraining Order/Motion to Show Cause/ Motion for Attorney Fees, in the state court.

[2] The Westfield Group Plan contains the basic and supplemental life insurance policies issued by the Ohio Farmer's Insurance Group Life Insurance Plan, and insured by The Hartford Life and Accident Insurance Co.. Both the basic and supplemental policies are identified under Policy No. GL-675794, and the effective date of the coverage, as listed on

Mary Margaret as the beneficiary on these policies. Defendant contends that although the basic coverage under the Westfield Group Plan was in effect at the time of the divorce, the other supplemental coverage did not come into existence until 2004, after the divorce decree was entered. The proceeds of both the basic and supplemental coverage under the Westfield Group Plan were paid to Mary Margaret in November of 2009.

Denis Lavelle, before his death, also allegedly created a Trust (the "Denis Lavelle Trust") into which proceeds from other non-ERISA life insurance proceeds were to be paid for the benefit of Lauren and his children. Mary Margaret was named Trustee of the Trust. After discovering that the Trust was named as a beneficiary on thse life insurance policies, Lauren re-opened the divorce action in the Domestic Relations Court in June of 2010, and sought to substitute Mary Margaret as a party to the action in her role as Trustee of the Denis Lavelle Trust. The Domestic Relations Court did not rule on this motion.

On March 8, 2011, Lauren Lavelle filed a "Motion to Add New Party Defendant; Motion for Temporary Restraining Orders; Motion to Show Cause; and Motion for Attorney Fees in the Domestic Relations Division of the Cuyahoga County Court of Common Pleas. The motion, itself, did not specifically seek to recover proceeds from the insurance policies allegedly held by Denis Lavelle at the time of his death on October 7, 2009. However, the supporting affidavit requests that the Court "order Mary Margaret Lavelle to pay over to the minor children [or their designated guardian] an amount equal to the amount of all proceeds of any policies of insurance upon Denis Lavelle's life held through his employment in an amount equal to the amount that the children would have received had the policies remained held for the benefit of the children as

---

the Plan documents in effect at the time of Denis Lavelle's death, is January 7, 2007.

ordered."

The motion alleges that the proceeds of the two life insurance policies held through Denis' employer, Westfield Bank, have been paid to Defendant, Mary Margaret Lavelle. The motion seeks to add Mary Margaret as a New Party Defendant; requests a temporary restraining order preventing Mary Margaret from using or otherwise accessing the proceeds of those policies; and, requests that the Court issue a show cause order requiring Mary Margaret "to appear and show cause as to why she should not be held in contempt of [the Domestic Relations Court's] orders and sanctioned accordingly," pursuant to Ohio Revised Code Section 2705.05. (ECF # 1-1). The motion also requests attorney fees and "additional relief as this Court deems just and equitable." (ECF #1-1). Lauren has further represented to this Court that she is seeking to recover the insurance proceeds paid to Mary Margaret through the two employer policies, either by reimbursement or through the establishment of a constructive trust for the benefit of the children, pursuant to state law. (ECF # 8, pg. 3).[3]

On March 8, 2011, the same day the Motion was filed, the Domestic Relations Court issued an order joining Mary Margaret Lavelle as a New Party Defendant, and enjoining her from "spending, secreting, transferring, disposing [sic] withdrawing, dissipating, diminishing in value or otherwise alienating the proceeds of any life insurance policies which she received as a result of the change of beneficiary designation through Denis Lavelle's employment with Westfield Bank or its authorized agents." (ECF #1-1).

---

[3] Plaintiff, Lauren Lavelle is not alleged to be a beneficiary in her individual capacity, either by designation or by the virtue of the Order of the Cuyahoga County Domestic Relations Court. Her minor sons are allegedly beneficiaries under the Domestic Relations Court's Order. The Court will, therefore, treat her as having filed the underlying motion on behalf of her dependent children.

Defendant removed the case on March 23, 2011. (ECF #1). Plaintiff filed a Motion to Dismiss/Motion to Remand to Cuyahoga County Common Pleas Court, Division of Domestic Relations, denying that this Court has "exclusive jurisdiction" over the policy proceeds, and denying that her claim is pre-empted by ERISA. (ECF #8). This Court denied both of those motions on May 13, 2011, finding that insurance proceeds from Mr. Lavelle's employer sponsored life insurance policies are ERISA-covered assets and any claims relating to those assets are completely pre-empted by 29 U.S.C. § 1132(a)(1)(B). [4]

## **ANALYSIS**

Defendant, Mary Margaret Lavelle filed a motion to dissolve the ex parte Judgment Entry of Temporary Restraining Order ("TRO") that enjoins Mary Margaret from "spending, secreting, transferring, disposing [sic] withdrawing, dissipating, diminishing in value or otherwise alienating the proceeds of any life insurance policies which she received as a result of the change of beneficiary designation through Denis Lavelle's employment with Westfield Bank or its authorized agents." She also seeks an Order requiring Plaintiff, Lauren Lavelle, to provide a more definite statement of her claims. Defendant argues that the proceeds of the policies are governed by ERISA, and Plaintiff's state law claims involving these policies are barred by preemption. Consequently, she argues that the TRO should be dissolved and the Court should

---

[4] Although this case originated in August of 2002, Defendant Mary Margaret Lavelle was not officially connected to the action until June 25, 2010, and was not made a party to the action until March 8, 2011 when the Domestic Relations Court granted the *ex parte* order adding her as a new party and issuing a temporary restraining order against her. The removal was, therefore, timely under 28 U.S.C. § 1446(b), as it was filed within thirty days of this defendant's receipt of the order or other paper which showed the case was removable.

make clear that Plaintiff's claims are void.

In her response to the Motion to Dissolve the TRO, Plaintiff, Lauren Lavelle does not dispute that the two policies under the Westfield Group Plan are governed by ERISA, but argues that she did not bring any ERISA claims, and that she is not barred from seeking recovery of the proceeds through the imposition of a constructive trust. She argues that state law provides that the proceeds should be recovered and redistributed for the benefit of her sons based on the promises made in the divorce decree issued by the Domestic Relations Court.

Lauren Lavelle does not contest that the plan administrator properly paid the proceeds to Mary Margaret, or that she was the proper beneficiary under federal law.[5] Although Lauren argues that state law permits her to recover the funds properly paid to Mary Margaret by the plan administrators, in order to satisfy the intent of the divorce decree, this is exactly the type of action that is pre-empted and prohibited by ERISA. "Congress enacted ERISA to protect . . . the interests of participants in employee benefit plans and their beneficiaries," and included "expansive [preemption] provisions which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Am. Council of Life Insurers v. Ross*, 558 F.3d 600, 604 (6th Cir. 2009). The ERISA preemption clause states that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employees benefit plan." *Id., citing* 29 U.S.C. § 1144(a). The Sixth Circuit has made clear that the preempted

---

[5] In her Motion to Dismiss/Motion to Remand, Plaintiff denied that the federal court has exclusive jurisdiction over the policy proceeds and denied that ERISA pre-empts her claims. These contentions did not directly challenge that the policies were ERISA policies, only the legal implications associated with this designation under the circumstances. In denying the Motion to Remand/Motion to Dismiss, the Court found that Plaintiff's legal contentions were not correct, and the state law claims were preempted by ERISA.

"State laws" includes not only state statutes, but also state court opinions, and state court orders. Further, the Sixth Circuit has specifically declared that divorce decrees are preempted under ERISA, and that the terms of a divorce decree cannot mandate the designation of an ERISA beneficiary. *See, e.g., Mattei v. Mattei*, 126 F.3d 794, 809 (6th Cir. 1997); *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).

ERISA provides one exception by which a state domestic relations court may affect the distribution of proceeds from an ERISA policy.[6] *See, e.g., Hopkins v. AT & T Global Info. Solutions Co.*, 105 F.3d 153, 157 (4th Cir.1997) (noting that a former spouse's interest in pension plan benefits "can be protected simply by obtaining a QDRO"). The parties may expressly agree to the distribution of proceeds to an alternate payee through a Qualified Domestic Relations Order ("QDRO"). 29 U.S.C. § 1144(b)(7). QDROs, as defined by § 1056(d)(3), are specifically excepted from preemption. See 29 U.S.C.A. §§ 1144(b)(7), 1056(d)(3)4. Not every order issued by a domestic relations court qualifies under this exception, however. A QDRO must meet certain statutory requirements, including but not limited to, specifically identifying each ERISA policy affected. 29 U.S.C. § 1056(d)(3).

Both parties agree that the relevant Domestic Relations Orders at issue include a promise by both parties to: "Maintain and pay the premiums for life insurance upon his or her life currently in effect and ... [to] designate the children as irrevocable beneficiaries thereon," and the agreement that if either party "fails or refuses to pay any premium due, the failure or refusal shall constitute a material breach of the Agreement. . . ." On its face, it is clear that these provisions

---

[6] The Sixth Circuit has concluded that the QDRO exception applies to all ERISA plans, not just pension plans. *See Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 421 (6th Cir.1997).

do not meet the minimum requirements of a QDRO.  Neither the divorce decree nor the separation agreement expressly recognize a party's right to the proceeds of an ERISA policy, nor is any ERISA policy specifically identified in the order.  29 U.S.C. § 1056(d)(3).  Therefore, because the state court Orders at issue do not qualify as a QDRO, any state law claim brought by Plaintiff for recovery of the ERISA policy proceeds must fail, whether this takes the form of a request for show cause order, a charge of contempt of court, a request for equitable relief in the form of a constructive trust, or any other claim based in state law.  As Plaintiff in this case has conceded that she brought no claim under ERISA, and as her state law claims relating the proceeds of an ERISA policy are preempted, she has stated no claim upon which relief can be granted against Defendant, Mary Margaret Lavelle, and the TRO is clearly not appropriate under the circumstances of this case.  Defendant's Emergency Motion to Dissolve Judgment Entry of Temporary Restraining Orders is, therefore, Granted.

Further, the Court finds that no additional discovery is needed to determine the proper legal beneficiary of Westfield Group Plan policies.  There is no contention that these policies were improperly paid to Mary Margaret Lavelle under the ERISA laws; the divorce decree and separation agreement, on their face, clearly do not meet the requirements of a QDRO; and, there is no legal theory that can support any state law claim restricting Mary Margaret Lavelle's right to retain the proceeds properly paid to her from these ERISA policies.  Therefore, the Court finds that any claims Lauren Lavelle may have made on behalf of her children for recovery of the proceeds of the policies under the Westfield Group Plan from Mary Margaret Lavelle must be dismissed with prejudice.

The Court makes no finding or determination as to the propriety of any claims relating to

the non-ERISA life insurance policies held through Protective Life Insurance Company, Prudential Life Insurance Company, or any other life insurance policies that were not obtained through an employer's ERISA plan. Further, although the law clearly states that absent a QDRO, the beneficiary on an ERISA policy cannot be affected by a prior divorce decree or separation agreement, and that a proper ERISA beneficiary cannot be relieved of the proceeds under any state law theory (equitable or otherwise), the Court makes no determination as to whether other relief may be available against Denis Lavelle's estate for failure to provide for his children's economic welfare in accordance with the terms and spirit of the divorce decree and separation agreement.

## **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dissolve Judgment Entry of Temporary Restraining Order(ECF #4) is GRANTED.  Further, Plaintiff's claims seeking to recover the proceeds of Denis Lavelle's policies under the Westfield Group Plan from Mary Margaret Lavelle are dismissed with prejudice. The case is remanded back to the Cuyahoga County Court of Common Pleas, Division of Domestic Relations for any further proceedings relating to the enforcement of the divorce decree as it may apply to the non-ERISA insurance policies or other matters addressed in the Plaintiff's original motion.

IT IS SO ORDERED.

     /s/ Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED:  July 12, 2011